NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FA-HSING LU,**
*Plaintiff-Appellant*

**v.**

**HYPER BICYCLES, INC.,**
*Defendant-Appellee*

---

2025-1110

---

Appeal from the United States District Court for the District of Massachusetts in No. 1:20-cv-11739-NMG, Judge Nathaniel M. Gorton.

---

Decided:  May 6, 2026

---

CHRISTOPHER E. HULTQUIST, Hultquist Law, P.C., Providence, RI, argued for plaintiff-appellant.

LAWRENCE ECOFF, Ecoff Campain & Kay, LLP, Beverly Hills, CA, argued for defendant-appellee.  Also represented by DAVID WILSON, Thompson Hine LLP, Washington, DC.

---

Before HUGHES and STOLL, *Circuit Judges*, and SEEBORG, *Chief District Judge.*[1]

HUGHES, *Circuit Judge.*

Fa-Hsing Lu appeals a decision of the United States District Court for the District of Massachusetts awarding Defendant Hyper Bicycles, Inc. (Hyper) attorney fees under 35 U.S.C. § 285. *Lu v. Hyper Bicycles, Inc.*, 701 F. Supp. 3d 156 (D. Mass. 2023) (*Decision*). In September 2020, Mr. Lu filed a patent infringement action against Hyper. Three years later, summary judgment was entered in favor of Hyper and affirmed on appeal. *See Lu v. Hyper Bicycles, Inc.*, No. 20-11739, 2023 WL 5018024 (D. Mass. Aug. 7, 2023), *aff'd*, No. 24-1081, 2025 WL 440368 (Fed. Cir. Feb. 10, 2025). Hyper promptly moved for attorney fees pursuant to 35 U.S.C. § 285, arguing that the case was frivolous when filed and that Mr. Lu's litigation conduct resulted in significant and unnecessary expenses. The district court agreed, finding the case "exceptional" and awarding Hyper its attorney fees and costs incurred after January 3, 2022, the date on which the district court concluded Mr. Lu's counsel "should have known" his client's claims were meritless. *Decision*, 701 F. Supp. at 159. Mr. Lu timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

In an exceptional case, a court may award attorney fees under 35 U.S.C. § 285 to the prevailing party. An exceptional case "is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). We review "all aspects

---

[1]    Honorable Richard Seeborg, Chief District Judge, United States District Court for the Northern District of California, sitting by designation.

of a district court's § 285 determination for abuse of discretion," and we do so with the perspective that "the district court 'is better positioned' to decide whether a case is exceptional, because it lives with the case over a prolonged period of time." *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 561, 564 (2014) (citation omitted).

On appeal, Mr. Lu disputes the district court's finding that this case is exceptional, suggesting the trial court mischaracterized his arguments as frivolous and disregarded record evidence that his claims had merit.[2] Even so, we discern no abuse of discretion. The district court concluded this case was exceptional on the basis of its finding that Mr. Lu "did not prosecute his claim in good faith and made little effort to limit the costs incurred by dragging it out." *Decision*, 701 F.3d at 159. And that finding is well grounded and supported by the evidence of record. Mr. Lu made four separate agreed-upon requests for extensions to discovery deadlines, yet he never propounded any written discovery, took any depositions, or named any expert witnesses. *Id.* Mr. Lu's summary judgment briefing was "cursory," and he failed to submit any statement of disputed facts in violation of local rules. *Id.* Further, his own discovery responses revealed that he had no knowledge of whether any infringing products were actually sold and, from at least January 3, 2022, possessed no records identifying any infringing products imported, manufactured, sold, or offered for sale. *Id.* Given the above, we find no abuse of discretion in the trial court's decision to award fees from January 3, 2022 onward.

---

[2]    We do not consider any of Mr. Lu's arguments made for the first time on reply. *Norman v. United States*, 429 F.3d 1081, 1091 n.5 (Fed. Cir. 2005) ("Arguments raised for the first time in a reply brief are not properly before this court.").

We have considered Mr. Lu's remaining arguments and find them unpersuasive. Because the district court did not abuse its discretion in finding this case exceptional under 35 U.S.C. § 285, we *affirm*.

**AFFIRMED**